In the Matter of the Application of Volney K. Rasmussen, Petitioner, for an Order against Board of Supervisors of the County of Erie, J. Craig Roberts and Others, as and Constituting the Board of Social Welfare of the County of Erie, Thomas W. H. Jeacock, as Commissioner of Social Welfare of the County of Erie, Grace Reavy and Others, as and Constituting the Civil Service Commission of the State of New York, and Elmer J. Kiefer, Respondents.

Supreme Court, Erie County, February 14, 1941.

*Karl Goldman,* for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*James P. Cotter, Deputy Attorney-General,* of counsel], for the respondent State Civil Service Commission.

*Paul J. Batt, County Attorney,* for the respondents Board of Supervisors of the County of Erie, Board of Social Welfare of the County of Erie and the Commissioner of Social Welfare of the County of Erie.

*Joseph A. Dunn,* for the respondent Elmer J. Kiefer.

Swift, J. The Civil Service Commission of the State of New York in January, 1940, directed that the petitioner be promoted to the position of chief accountant in the department of social welfare of the county of Erie without promotional examination. This court, by its decision dated June 6, 1940, held that the petitioner was entitled to promotion to said position, and he was duly promoted thereto on June 15, 1940. On September 15, 1940, petitioner was discharged and removed from said position " pursuant to Rule XII of the Rules of the Civil Service Commission." This rule provides: " 1. Every original appointment to or employment in any position in the classified service shall be for a probationary term of three months."

. The proceeding at bar, therefore, raises this question: " Is a promotion to a position in the classified service for a probationary term? "

There is a clear distinction between an appointment and a promotion in the State civil service. Section 6 of article 5 of the State Constitution reads: " Appointments and promotions in the civil service of the State, and of all civil divisions thereof, * * *." Section 9 of the Civil Service Law (as amd. by Laws of 1927, chap. 440) provides: " All appointments or employments in the classified service, except those of veterans * * * shall be for a probationary term not exceeding the time fixed in the rules."

It will be noticed that this section of the law provides for a probationary term only in the case of " appointments or employments." Some of the respondents herein contend that the word " appointments " as used in the statute includes all promotions. The Civil Service Law, however, in many of its sections makes a clear distinction between " appointment " and " promotion." For instance, section 10 gives to the Commission power to make rules " for appointment and promotion." Section 14 provides: " Appointments shall be made to or employment shall be given all positions in the competitive class that are not filled by promotion, reinstatement, transfer or reduction." Section 19 orders an official roster containing the " name of each and every person who has been appointed to, employed, promoted or reinstated in any position." This same distinction will be found in sections 41 and 45 of the law.

Section 16, which limits the power of promotion and transfer, speaks of " persons holding positions in the competitive class, having been appointed or promoted thereto."

The fact that the law makes so many provisions for " appointment, employment or promotion " indicates that when the lawmakers in section 9 limited probationary terms to appointments or employments, they intentionally excluded " promotions " from a probationary term. The State Civil Service Commission has so interpreted the statute, and in this very proceeding to which it is a party it takes the position that petitioner's promotion was not probationary.

Rule XII of the Rules for the Classified Civil Service limits the probationary term of three months to " every original appointment to or employment in any position in the classified service," and rule XIV provides that all vacant positions " shall be filled, so far as practicable, by promotion; and original appointment to such position shall be allowed only when the Commission shall find it impracticable to fill the same by promotion. * * *"

It is not the province of the court to decide whether or not promotion should be probationary. A probationary appointment might in some cases be advantageous, despite the fact that the field of promotion is a very limited one and hedged about with many safeguards, but it is also true that it might prove an easy way to promote a faithful employee out of the service. The question is one for the Commission or the Legislature. The Civil Service Law does not require probationary promotion, and the rules militate against it.

Petitioner is entitled to the relief demanded.